UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY PATU,

    Plaintiff,

v.

SGT. ALEXANDER, PIERCE COUNTY STAFF,

    Defendants.

CASE NO. C14-5430 BHS-KLS

ORDER TO FILE AN AMENDED COMPLAINT

    This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Fed. R. Civ. P. 72. The case is before the Court for initial screening.

    Plaintiff names Sergeant Alexander and Pierce County staff as defendants, but the complaint is devoid of facts that would explain why plaintiff is suing Sergeant Alexander or Pierce County staff. Dkt. 1.

    To state a claim against a person, plaintiff must specifically identify as each person being sued. He must also allege facts showing that the person was acting under color of state law and that their conduct deprived plaintiff of rights, privileges or immunities secured by the

1  Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, (1981)
2  (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986).  Part of
3  showing that the conduct deprived the plaintiff of a right involves causation.  *See Mt. Healthy*
4  *City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d
5  1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875 (1980).  When a plaintiff fails to allege
6  or establish one of these elements, his complaint must be dismissed.  That plaintiff may have
7  suffered harm, even if due to another's negligent conduct does not in itself necessarily
8  demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344,
9  106 S. Ct. 668 (1986).  Vague and conclusory allegations of official participation in civil rights
10 violations are not sufficient to withstand a motion to dismiss.  *Pena v. Gardner*, 976 F.2d 469,
11 471 (9th Cir. 1992).

12       Causation and personal participation are closely related concepts.  In order to obtain relief
13 against a defendant under 42 U.S.C. §1983, a plaintiff must prove that the particular defendant
14 has caused or personally participated in causing the deprivation of a particular protected
15 constitutional right.  *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th
16 Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).  To be liable for "causing"
17 the deprivation of a constitutional right, the particular defendant must commit an affirmative act,
18 or omit to perform an act, that he or she is legally required to do, and the conduct must cause the
19 plaintiff's deprivation.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

20       The inquiry into causation must be individualized and focus on the duties and
21 responsibilities of each individual defendant whose acts or omissions are alleged to have caused
22 a constitutional deprivation.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v.*
23 *Goode*, 423 U.S. 362, 370-71, 375-77 (1976).  Sweeping conclusory allegations against an
24 official are insufficient to state a claim for relief.  The plaintiff must set forth specific facts

showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Rizzo*, 423 U.S. at 371.

After reviewing the complaint and explaining the contours individual liability the Court finds and ORDERS as follows:

1. Mr. Patu must file an amended complaint that identifies each person he is suing by name and he must provide operative facts explaining why each person is individually liable.

2. Mr. Patu has until July 18, 2014, to file his amended complaint. The amended complaint will act as a complete substitute for the original complaint and not as a supplement.

3. Mr. Patu's failure to file the amended complaint on or before July 18, 2014, will result in a Report and Recommendation to dismiss this action for failure to prosecute the action and failure to follow a court order.

The Clerk is directed to send a copy of this Order to Plaintiff.

Dated this 6 day of June, 2014.

Karen L. Strombom
United States Magistrate Judge