UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY PATU,<br><br>       Plaintiff,<br><br> v.<br><br>SGT. ALEXANDER and PIERCE COUNTY STAFF,<br><br>       Defendants. | No. C14-5430 BHS/KLS<br><br>ORDER GRANTING MOTION FOR EXTENSION AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |

By Order dated June 6, 2014, Plaintiff's amended complaint needed to be filed by July 18, 2014. Dkt. 6. Since the filing of that order plaintiff has filed a motion for appointment of counsel, (Dkt. 10), and a motion for an extension of the deadline for filing his amended complaint, (Dkt. 11). Plaintiff has also filed "requests" and letters asking for advice or court action. Dkt. 7, 8, 9, 12, 13, 14, and 15.

The United States District Court for the Western District of Washington does not conduct business by letter or request. Documents of this nature are filed in the case, but they do not have a noting date and therefore they may not come to our attention in a timely manner. If plaintiff is seeking any action or court order he must file a motion and give that motion a noting date. Plaintiff must also provide proof that he has served his motion on any served party. Local Civil Rule 7 addresses the form and scheduling of motions.

ORDER - 1

Plaintiff's motion for appointment of counsel is a one page letter in which he argues that his case has merit but he lacks litigation experience. Dkt. 10. In the second motion plaintiff asks for additional time regarding the order to file an amended complaint and states that he understands that his complaint was amended by the June 6, 2014, Order. Dkt. 11.

1. Appointment of Counsel.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff has the ability to articulate his claim and he has done in his letters and requests. Plaintiff alleges that he suffers from server constipation and he alleges the medical treatment he is receiving is inadequate. Dkt. 12. Plaintiff must name the present health care providers or the persons he alleges denied him treatment to pursue this claim. Plaintiff also alleges that there

ORDER - 2

was an incident in the Pierce County Jail in 2009, where he vomited and defecated.  Dkt. 7.  Plaintiff has named Sgt. Alexander as a defendant in connection with this incident.  Dkt. 1.  For actions under brought under 42 U.S.C. § 1983, like the one here, federal courts apply the forum state's statute of limitations, along with the forum state's law regarding tolling, including equitable tolling. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir.2007).   In the State of Washington, the limitations period for a personal injury claim is three years.  *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir.1989) (citing R.C.W. § 4.16.080(2)).  Accordingly, the applicable limitations period in this case expired three years from the date plaintiff's cause of action "accrued." R.C.W. § 4.16.080(2); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991).  A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Bagley*, 923 F.2d at 760.  Thus, plaintiff may not be able to proceed with this claim unless he shows that the statute of limitation was tolled for a period of time.

Plaintiff needs to set forth his claim in his amended complaint using short sentences that tell the court who did what and when it happened.  Using the form provided by the Clerk's office may be helpful as it structures the information. At the current time the Court is not in a position to evaluate plaintiff's chances of success or the merits of his claim.  Plaintiff has demonstrated a limited ability to articulate his claim.  The undersigned **DENIES** plaintiff's motion for appointment of counsel without prejudice.

2. Additional time to file an amended complaint.

The June 6, 2014 Order did not amend the complaint, it ordered Mr. Patu to amend his complaint. Dkt. 6.  Plaintiff will need time to prepare his amended complaint.  Plaintiff is advised that the First Amended Complaint will operate as a <u>complete</u> substitute for (rather than a

ORDER - 3

mere supplement to) the Complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. Therefore, Plaintiff must file a new and complete complaint – which he should title "First Amended Complaint."  All claims and the involvement of every defendant should be included in the First Amended Complaint; otherwise, the claims will no longer exist.  The motion for an extension is **GRANTED**.  Plaintiff has until **September 12, 2014**, to comply with this order.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

(2) Plaintiff's motion for extension of time (Dkt. 11) is **GRANTED**.  Plaintiff must file his amended complaint on or before **September 12, 2014.**  Plaintiff is cautioned that if he fails amend his complaint by **September 12, 2014**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

(3) The Clerk is directed to send a copy of this Order and a new form for filing a 42 U.S.C. §1983 action to Plaintiff.

**DATED** this 7th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4