UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY PATU,

              Plaintiff,

  v.

SGT. ALEXANDER, PIERCE COUNTY STAFF,

              Defendants.

CASE NO. C14-5430 BHS-KLS

ORDER DENYING MOTION FOR RETURN OF FILING FEE

      Plaintiff Ricky Patu has filed a motion for the refund of his filing fee. Dkt. 25. For the reasons stated herein, that motion is denied.

## PROCEDURAL BACKGROUND

      On May 29, 2014, the Court granted Plaintiff's application to *proceed in forma pauperis*. Dkt. 5. The Court reviewed Plaintiff's complaint but declined to serve it because it is deficient. The Court ordered Plaintiff to file an amended complaint and provided guidance as to the legal standards that may apply to Plaintiff's numerous claims. Dkt. 6. Plaintiff filed two motions in July, one asking for appointment of counsel (Dkt. 10) and one asking for an extension of the deadline to file an amended complaint. Dkt. 11. The undersigned denied the motion for appointment of counsel and granted an extension until September 12, 2014 for Plaintiff to file an amended complaint. Dkt. 16. On August 12 and 15, 2014, Plaintiff filed a motion to dismiss and a request to withdraw his

ORDER DENYING MOTION FOR RETURN
OF FILING FEE - 1

complaint. Dkts. 17, 18. On September 23, 2014, the Court dismissed the complaint without prejudice and this case was closed. Dkts. 19 and 20.

## DISCUSSION

28 U.S.C. § 1915(b)(1) states:

> [I]f a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-
>
> (A)    the average monthly deposits to the prisoner's account; or
>
> (B)    the average monthly balance in the prisoner's account for the 6–monthly period immediately preceding the filing of the complaint or notice of appeal.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of a plaintiff's filing fee or to return the filing fee after dismissal of an action. It is clear that in amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits *in forma pauperis*. See *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. *See, e.g*., H.R. Conf. Rep. No. 104–378, at 166–67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole)").

"Filing fees are part of the costs of litigation." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir.1998). Prisoner cases are no exception. The PLRA has no provision for return of fees that are partially paid or for cancellation of the remaining fee. *See Goins v. Decaro*, 241 F.3d 260, 261–62 (2d Cir.2001) (inmates who proceeded pro se and *in forma pauperis* were not entitled to

ORDER DENYING MOTION FOR RETURN
OF FILING FEE - 2

refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Goins*, 241 F.3d at 261.

The decision to file and prosecute this case was made by Plaintiff before he filed this case. Having filed this case, Plaintiff and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915. Accordingly, Plaintiff's motion for refund (Dkt. 25) is **DENIED**. The Clerk shall send a copy of this Order to Plaintiff.

Dated this 27th day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR RETURN
OF FILING FEE - 3